U. S. REALTY & INVESTMENT Co. *vs.* F. A. RUMERY Co.

Androscoggin.     Opinion, October 23, 1933.

*Ralph W. Crockett,* for plaintiff.
*Charles F. Adams,*
*Israel Bernstein,*
*Frank P. Preti,* for defendant.

Sitting : Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, JJ.

Pattangall, C. J.  Exceptions. Verdict directed for plaintiff. Assumpsit on written contract. Original declaration did not allege that contract was under seal. When that fact appeared, presiding Justice permitted amendment covering the point. Exceptions were taken to the allowance of the amendment, to the admission of the contract, to the ordering of verdict for plaintiff, and to refusal to direct a verdict for defendant.

Defendant contended that the amendment changed the form of action, that plaintiff had declared on a simple contract, that evidence of a contract under seal was inadmissible, that assumpsit would not lie but that covenant was the proper remedy.

Section 27, Chapter 96, R. S. 1930, enacted in 1929, prior to the bringing of this writ, seems to dispose of these objections. "The action of assumpsit shall lie in any case in which either an action of debt or an action of covenant is now maintainable. Under the plea of non assumpsit, the defenses available under the plea of general issue in either of said actions shall be available."

The amendment was properly allowed. It may not have been necessary, but it was unobjectionable. The documentary evidence objected to was properly admitted.

Exceptions to directing verdict for plaintiff and declining to direct verdict for defendant relate to the following situation. The contract included the installation of an oil burner. Plaintiff's claim for damages rested on the proposition that the burner was defective. It was admittedly installed by a person other than defendant, and no direct evidence was offered that this person was an agent or employee of defendant; but there was abundant evidence from which such an inference could be drawn. In fact, it was impossible to arrive at a different conclusion.

It was the plain duty of the Court to order a verdict for plaintiff.

*Exceptions overruled.*